Filed 10/14/25  P. v. Mejia CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br>ANASTACIO MEJIA,<br><br>      Defendant and Appellant. | A172242<br><br>(Marin County<br>Super. Ct. No. SC213541A) |

Defendant Anastacio Mejia appeals following his guilty plea of felony rape (Pen. Code, § 261, subd. (a)(2)).[1]  After the trial court denied defendant's request for a certificate of probable cause, defendant's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues and requesting this court independently review the record to determine whether any arguable issues exist on appeal.  Defendant did not file a supplement brief or letter after counsel and this court sent him written notice of his right to do so.  Having independently reviewed the record and discerning no arguable issues, we affirm.

---

[1] All further statutory references are to the Penal Code.

Jane Doe first met defendant when she was seven or eight years old after he moved into Doe's family home. When Doe was 11 years old, defendant began making sexual advances toward her, touching her breasts, arms, and between her legs. Defendant also had Doe touch and perform oral sex on him. When she told him she did not like it, he would hold her head forcing her to perform it. Doe would perform oral sex on defendant once or twice a week, and defendant would touch Doe "continually." Doe tried, unsuccessfully, to push defendant's hands away. On one occasion, she tried hiding from him and another time, she tried kicking him. When she was 12, defendant put Doe on the couch on all fours and inserted his penis into Doe's anus. Around the same time, defendant began inserting his fingers into Doe's vagina and had her touch his penis. When Doe would push him away, he would threaten that God would punish her or her infant nephew. He also told Doe sex would not hurt and threatened to show her using her nephew. When Doe was around 13 years old, defendant had sex with her for the first time in the car outside of Doe's high school. After that, he continued to have sex with Doe at least once a week, asking her to skip classes. He would take her to a shopping center parking lot, hold her down, and threaten her that God would punish her nephew if she did not have sex with him. When defendant wanted to have anal sex with Doe, she refused. He had her take a pregnancy test and told her it was positive and that the only way to lose the baby, was by having anal sex. He then forced her to have anal sex by holding her down. Afterwards, defendant had her retake the pregnancy test and told

---

[2] The following background is taken from the preliminary hearing transcript.

her it was negative. Thereafter, defendant continued to have anal and vaginal sex with Doe, holding her down and forcing her when she would try and push him away. The abuse only stopped after Doe became pregnant and had defendant's child in November 2017; she was 17 years old. Three years later, Doe reported defendant, and he was arrested. Officers obtained Doe's planner in which she noted her absences from different school periods and confirmed, with Doe's school, that the absences noted in her planner corresponded with school records.

The Marin County District Attorney filed a second amended information charging defendant with felony aggravated sexual assault (sodomy) of a child under the age of 14 (§ 269, subd. (a)(3)—count 1), aggravated sexual assault (oral copulation) of a child under the age of 14 (§ 269, subd. (a)(4)—counts 2 & 5), aggravated sexual assault of a child by a foreign object (§ 269, subd. (a)(5)—counts 3 & 6), forcible lewd acts upon a child (§ 288, subd. (b)(1)—counts 4 & 7), rape (§ 261, subd. (a)(2)—counts 8–9, & 11), and sodomy by force of a minor under 14 years of age (§ 286, subd. (c)(2)(C)—count 10), as well as alleging several aggravating factors and enhancements.

Defendant pleaded guilty to one count of rape (count 11) and admitted the great bodily injury enhancement (§ 12022.7, subd. (a)), that the victim was a minor 14 years of age or older (§ 264, subd. (c)(2)), and that he inflicted great bodily injury during the rape (§ 667.61, subds. (a), (c)(1)), & (d)(6)), in exchange for a stipulated sentence and that the remaining charges would be dismissed pursuant to a *Harvey* waiver.[3] The court sentenced defendant pursuant to the negotiated disposition—a 25-years-to-life sentence for count

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

11 and a stayed three-year sentence for the section 12022.7 enhancement—and ordered defendant receive 1,779 days' credit.

## DISCUSSION

Having carefully reviewed the record, we conclude there is no arguable issue to consider on appeal. (*Wende, supra*, 25 Cal.3d at pp. 441–443.)

Defendant filed a notice of appeal, checking the box indicating his appeal "challenges the validity of the plea or admission" and that his counsel was ineffective. The trial court denied defendant's request for a certificate of probable cause.

In general, a defendant who has pled guilty or no contest may not appeal the judgment of conviction without first obtaining a certificate of probable cause. (§ 1237.5, subd. (b); see Cal. Rules of Court, rule 8.304(b)(1).) "Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) In determining whether a certificate of probable cause is required, " ' "courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the crucial inquiry is whether a challenge . . . is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." ' " (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 942.)

Defendant's claim of ineffective assistance of counsel is, in substance, a challenge to the validity of the plea,[4] and thus a certificate of probable cause

---

[4] Defendant contends his counsel was ineffective for filing an "inadequate and incompetent" motion to set aside the information because counsel challenged the evidence supporting the alleged counts and not the district attorney's "choice to file new charges that were never discussed at the preliminary hearing" and "so [he] felt [he] had to plead guilty to avoid such a

4

is required to raise this claim. Because there is no certificate of probable cause, defendant's claim is not cognizable in the present appeal. (See *In re Chavez* (2003) 30 Cal.4th 643, 651 ["A defendant who challenges the validity of such a plea on the ground that trial counsel rendered ineffective assistance of counsel in advance regarding the plea may not circumvent the requirements of section 1237.5."]; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245 [defendant required to obtain a certificate of probable cause in order to raise claim he received ineffective assistance of counsel prior to his plea].)

Moreover, even assuming the claim was cognizable, it would fail on the merits. On appeal, "a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Our review of the record on appeal fails to disclose any evidence supporting any of the standards set out in *Mai*. During the change of plea hearing, the trial court fully advised defendant of the consequences of his plea and asked defendant if he had enough time to discuss his case with his counsel, including the charges filed against him and any defense he might have. Defendant replied affirmatively. Defendant was represented by counsel, and the court found

---

horrible sentence." Additionally, he contends his counsel failed to point out, at the preliminary hearing, that defendant had "remained in his daughter's life and been in regular contact with the mother of the child (the victim in this case)," which he argues showed Doe's "lack of credibility." Finally, he challenges his admission to the great bodily injury enhancement because he "plead [*sic*] guilty to causing great bodily injury (the pregnancy of the victim) even though [he] did not intend to cause great bodily injury (the pregnancy)."

defendant's plea and admissions were knowing, voluntary, and intelligently made.

## DISPOSITION

The judgment is affirmed.

_____

Banke, J.


We concur:


_____

Humes, P.J.


_____

Langhorne Wilson, J.


A172242, People v. Mejia

7